IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

| | |
|---|---|
| **DELPHONSO O. BREWER**, | |
| Petitioner, | |
| v. | Civil No.: 3:19-CV-149 (JUDGE GROH) |
| **R. HUDGINS, Warden,** | |
| Respondent. | |

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On September 16, 2019, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his conviction and sentence imposed in the United States District Court for the Middle District of North Carolina. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II.   FACTUAL AND PROCEDURAL HISTORY[1]

**A. Conviction and Sentence**

On August 29, 1994, a grand jury indicted Petitioner and charged him in the Middle District of North Carolina, case number 2:94-CR-200, with bank robbery, in

---

[1] Throughout sections II.A. through II.C. all ECF numbers refer to entries in the docket of Civil Action No. 2:94-CR-200 from the Middle District of North Carolina, available on PACER unless otherwise noted.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

1

violation of 18 U.S.C. § 2113.  ECF No. 1.

On December 1, 1994, Petitioner was convicted by a jury of bank robbery. ECF No. 13.  Petitioner was sentenced on February 22, 1995, to 220 months of incarceration.  ECF No. 22.

**B. Direct Appeal**

Petitioner filed a notice of appeal on February 24, 1995.  ECF No. 24.  On February 5, 1996, the Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence, in that court's docket number 95-5143.  ECF No. 34.

**C. Post-Conviction Relief: Motions to Vacate Under 28 U.S.C. § 2255**

On July 19, 2006, the judgment issued on February 22, 1995, was returned as executed upon Petitioner at USP Atlanta, with a delivery date of July 12, 2006. ECF No. 39.  Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on March 8, 2007, and a memorandum in support thereof.  ECF Nos. 40, 41.  Respondent filed a motion to dismiss on May 7, 2007. ECF No. 43.  A recommended ruling that the motion to vacate be denied and the Respondent's motion to dismiss be granted was issued by the presiding United States Magistrate Judge on August 15, 2007.  ECF No. 46.  On December 3, 2007, the District Court adopted the Magistrate Judge's recommendation, dismissed the action for being filed beyond the one-year limitation period, and granted Respondent's motion to dismiss.  ECF Nos. 50, 51.

Petitioner appealed that decision to the Fourth Circuit Court of Appeals in that Court's case number 08-6148, however the action was later dismissed for failure to prosecute.  ECF Nos. 52, 54, 55.

Petitioner then filed various other post-conviction motions for relief which were denied. ECF Nos. 58, 59, 62, 63, 65.

Petitioner was granted authorization from the Fourth Circuit to file a second or successive § 2255 motion on July 25, 2016. ECF No. 69. Petitioner's second or successive § 2255 motion was filed on July 26, 2016. ECF No. 68. An amended motion to vacate pursuant to § 2255 was filed on August 2, 2016. ECF No. 70.

The Government filed a motion to dismiss, arguing that Petitioner was "not challenging a sentence imposed under the Armed Career Criminal Act [ ] but rather is seeking to extend [the Johnson and Welch] decisions to challenge the mandatory guideline sentence." ECF No. 75 at 1 – 2. The Government further argued that because "Johnson does not apply to the mandatory guidelines, Petitioner cannot satisfy the only provision for extending the one-year statute of limitations that could possibly apply, 28 U.S.C. § 2255(f)." Id. at 2. The motion to dismiss noted that Petitioner had two prior convictions which qualified him as a career offender: (1) his June 3, 1992 conviction for sale and delivery of cocaine in Chatham County, North Carolina, for which he received a two-year sentence; and (2) his July 18, 1994, conviction for robbery with a dangerous weapon in Chatham County, North Carolina. Id. at 3. The Government cited to United States v. Burns-Johnson, 864 F.3d 313, 315 (4th Cir.), cert. denied, 138 S. Ct. 461, 199 L. Ed. 2d 339 (2017), which held that, "the offense of armed robbery under North Carolina General Statutes Section 14-87 categorically qualifies as a violent felony under the 'force clause' of the ACCA."

On March 25, 2019, the presiding United States Magistrate Judge issued a recommendation that the motion to vacate be denied and the Respondent's motion to dismiss be granted. ECF No. 79. On September 12, 2019, the District Court adopted the Magistrate Judge's recommendation, granted the Respondent's motion to dismiss and dismissed the second or successive motion to vacate, set aside or correct sentence. ECF No. 82.

### D. Claims in Instant § 2241 Petition

The instant § 2241 petition was signed by Petitioner on September 9, 2019, three days before relief was denied in the trial court, but not filed with the court until September 16, 2019. ECF No. 1. In support of his section 2241 petition before this Court, Petitioner states a single ground for relief, that a change in the law means he no longer qualifies as a career offender, because North Carolina "common robbery [ ] no longer qualifies as a predicate, and petitioner's sentence is no longer a crime of violence." ECF No. 1 at 5. For relief, Petitioner requests his sentence be vacated, and that he be resentenced without the career offender designation. Id. at 9. It appears that Petitioner is seeking to have his sentence invalidated.

### III. LEGAL STANDARDS

### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

4

court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[3] (2) the prohibition against successive petitions, or (3) a

---

[3] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a. The date on which the judgment of conviction becomes final;
    b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[4] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

---

c.  The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d.  The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[4] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

<u>Wheeler</u>, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in <u>Wheeler</u>. <u>Id.</u>

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the <u>Jones</u> test (if challenging the legality of his conviction) or the <u>Wheeler</u> test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See <u>Wheeler</u>, 886 F.3d at 423–26.

## IV. ANALYSIS

Here, Petitioner challenges only his sentence and seeks relief under § 2241 by way of the savings clause of § 2255(e). ECF No. 1, at 1. Petitioner challenges his classification as a career offender under the pre-<u>Booker</u>,[5] then-mandatory United States Sentencing Guidelines ("the Guidelines" or "USSG"). <u>Id.</u> Petitioner's career offender

---

[5] <u>United States v. Booker</u>, 543 U.S. 220 (2005).

8

classification was based on two prior convictions, one for distribution of a controlled substance, and a second for robbery with a dangerous weapon. Id. Specifically, Petitioner's prior conviction for robbery is the core of his challenge to his sentence. Id. at 5.

Petitioner argues that he is entitled to relief because he can no longer be considered a career offender based on the Supreme Court's holding in Descamps v. United States, 570 U.S. 254 (2013), Sessions v. Dimaya, 138 S.Ct. 1204 (2018, and Johnson v. United States, 135 S.Ct. 2551 (2015). ECF No. 1-1 at 2.

However, this is the same argument Petitioner has asserted in his second or successive § 2255 motion in the Middle District of North Carolina, case number 2:94-CR-200. The denial of that claim by the District Court was entered September 12, 2019, which order adopted the recommendation of the United States Magistrate Judge. M.D.N.C. 2:94-CR-200, ECF Nos. 79, 82. Pursuant to 28 U.S.C. § 2244(a), a district court is not required to consider a habeas petition filed by an inmate challenging his federal custody on the same ground that the petitioner advanced in an earlier habeas petition and lost after a full and fair litigation of his claim. See 28 U.S.C. § 2244(a). In addition to applying to petitions filed pursuant to 28 U.S.C. § 2255, the rule also applies to petitions filed pursuant to 28 U.S.C. § 2241. See e.g., George v. Perill, 62 F.3d 333 (10th Cir. 1995); Glumb v. Honstead, 891 F.2d 872 (11th Cir. 1990); Sacco v. United States Parole Commission, 639 F.2d 441 (8th Cir. 1981).

The District Court for the Middle District of North Carolina has, in that Court's case number 2:94-CR-200, denied Petitioner's request to vacate his career offender designation. Pursuant to 28 U.S.C. § 2244(a), this Court is not required to consider the

9

instant habeas petition filed by Petitioner, because he is challenging his federal custody on the same ground that he advanced in an earlier habeas petition and lost after a full and fair litigation of his claim.

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's writ of habeas corpus pursuant to § 2241 [ECF No. 1] be **DENIED and DISMISSED WITH PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: September 26, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE